UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY NEAL NAME,

    Plaintiff,

    v.                                      CAUSE NO.: 3:19-CV-17-PPS-MGG

FLORER,

    Defendant.

OPINION AND ORDER

Gregory Neal Name, a prisoner without a lawyer, filed a complaint (ECF 1) alleging that Sgt. Florer used excessive force against him while he was housed at the Westville Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Name alleges that, on January 8, 2017, while suffering from mental distress, he climbed over the range railing and onto a catwalk 20 feet in the air. Sgt. Florer then shot him 17 times with wooden baton rounds. (ECF 1 at 2.) Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that

the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Additional fact finding may demonstrate that force was used against Name in a good-faith effort to maintain or restore discipline, but giving Name the inferences to which he is entitled at this stage of the case, I find that he has stated a claim of excessive force against Sgt. Florer based on the January 8, 2017, incident.

Name also asserts that he engaged in protected First Amendment speech and that he was retaliated against, but he has not alleged facts that support these assertions. Accordingly, he will not be permitted to proceed on this claim.

For these reasons, the court:

(1) GRANTS Gregory Neal Name leave to proceed against Sgt. Florer for compensatory and punitive damages for using excessive force against him on January 8, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Florer at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Florer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 26, 2019

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT