UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY NEAL NAME,

    Plaintiff,

v.                             CAUSE NO. 3:19-CV-17-DRL-MGG

FLORER,

    Defendant.

OPINION AND ORDER

Gregory Neal Name, a prisoner without a lawyer, is proceeding in this case "against Sgt. Florer for compensatory and punitive damages for using excessive force against him on January 8, 2017, in violation of the Eighth Amendment[.]" ECF 8 at 2. In his complaint, Mr. Name alleged Sgt. Florer used excessive force against him by shooting him with wooden baton rounds while he was on a catwalk 20 feet in the air. ECF 1. On December 17, 2020, Sgt. Florer moved for summary judgment, arguing he did not use excessive force against Mr. Name. ECF 65. With the motion, Sgt. Florer provided Mr. Name the notice required by N.D. Ind. L.R. 56-1(f). ECF 67. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute."

This deadline passed over six months ago, but Mr. Name has not responded. The court will now rule on the summary judgment motion.

FACTS

Sgt. Florer submits an affidavit, which the court accepts as undisputed.[1] On January 8, 2017, Sgt. Florer was involved in an incident with Mr. Name. ECF 65-1 at 1. At approximately 8:00 p.m., correctional staff ordered Mr. Name to return to his cell after recreation so he could be secured in his cell for the evening. *Id.* at 1-2. Mr. Name refused to re-enter his cell despite being ordered numerous times to do so. *Id.* at 2. The weapons team was asked to respond, and Sgt. Florer was a member of that team. *Id.* When Sgt. Florer arrived, Mr. Name had climbed onto the catwalk and was refusing to come down. *Id.* Lt. Neal ordered Sgt. Florer to climb the catwalk and deploy MK90, a non-lethal chemical agent, to gain Mr. Name's compliance. *Id.* The deployment of MK90 had no effect on Mr. Name and he continued to refuse to remove himself from the catwalk. *Id.* While Sgt. Florer was on the catwalk, Mr. Name sprayed him with an unknown liquid and threatened to stab him. *Id.*

Sgt. Florer attests the MK90 was the only weapon he personally deployed against Mr. Name. *Id.* Sgt. Florer then authorized a correctional officer to use the pepper ball system against Offender Name, but it was not effective. *Id.* at 2-3. Sgt. Florer then authorized two correctional officers to fire 37mm wooden blocks at Mr. Name, but it was

---

[1] Because Mr. Name did not respond to the summary judgment motion, the Court may accept the facts alleged in Sgt. Florer's affidavit as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ..")

not successful in gaining Mr. Name's compliance. *Id.* at 3. After all the non-lethal weapons failed to gain Mr. Name's compliance, two correctional officers personally climbed the catwalk and pulled Mr. Name down so that other staff members could secure him. *Id.* After Mr. Name was removed from the catwalk and secured in restraints, the correctional officers used no further force against him. *Id.* Mr. Name was transported for medical attention and given a shower to decontaminate himself. *Id.*

Sgt. Florer also submits an affidavit from Lt. Neal, who attests that, before the weapons team arrived, he witnessed Mr. Name refuse numerous orders, put on extra layers of clothing to prevent non-lethal weapons from having their intended effects, place paper and cardboard on the range, and attempt to set a pile of clothing and debris on fire. ECF 65-2. Additionally, Sgt. Florer submits Mr. Name's disciplinary records, which show Mr. Name pleaded guilty to (1) refusing orders to return to his cell; (2) climbing onto the catwalk; (3) spraying Sgt. Florer with an unknown liquid; (4) threatening to stab Sgt. Florer; (4) starting fires on the range; and (5) resisting an officer by refusing to come down from the catwalk even after the officer climbed the catwalk bars and attempted to pull him down. ECF 65-3.

## ANALYSIS

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment

inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Here, the undisputed evidence shows Sgt. Florer used reasonable force against Mr. Name in a good-faith effort to restore discipline. *See Hendrickson*, 589 F.3d at 890. Specifically, it is undisputed that: (1) Mr. Name refused to comply with numerous orders to return to his cell; (2) Sgt. Florer arrived with the weapons team and found Mr. Name on the catwalk and refusing to come down; (3) Sgt. Florer climbed the catwalk and deployed MK90 to gain Mr. Name's compliance, which was ineffective; (4) while Sgt. Florer was on the catwalk, Mr. Name sprayed him with an unknown liquid and threatened to stab him; (5) Sgt. Florer authorized the use of other non-lethal weapons, including a weapon that fired 37mm wooden blocks; (6) after the non-lethal weapons failed to gain Mr. Name's compliance, two correctional officers climbed the catwalk and pulled Mr. Name down and secured him; (7) after Mr. Name was removed from the catwalk and secured in restraints, the correctional officers used no further force against him; (8) Mr. Name was transported for medical attention and given a shower to decontaminate himself; and (9) Mr. Name pled guilty to this conduct. These undisputed facts show Sgt. Florer's use of force was intended to restore discipline, and there is no evidence he intended to cause harm. *See Whitley*, 475 U.S. at 322; *Hendrickson*, 589 F.3d at 890.

Because no reasonable jury could conclude Sgt. Florer used excessive force against Mr. Name, Sgt. Florer is entitled to summary judgment. For these reasons, the court:

(1) GRANTS Sgt. Florer's summary judgment motion (ECF 65); and

(2) DIRECTS the clerk to enter judgment in favor of Sgt. Florer and against Gregory Name.

SO ORDERED.

July 26, 2021                                            *s/ Damon R. Leichty*
                                                         Judge, United States District Court